IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTHA CARMACK,

    Plaintiff,

  v.

THE CHASE MANHATTAN BANK (USA),

    Defendant.
                                /

No. C 07-02124 WHA

**ORDER DENYING MOTION FOR RECONSIDERATION**

On August 3, 2007, an order herein granted defendant's motions to dismiss and to confirm an arbitration award against plaintiff. Plaintiff was given until August 16 to file a motion seeking leave to amend her complaint, but failed to do so. On August 27, an order to show cause requested that plaintiff explain why a final judgment should not be entered against her. The deadline passed and a final judgment was entered against plaintiff, confirming the arbitration award and dismissing plaintiff's complaint with prejudice on August 31.

On August 31, plaintiff filed a motion for leave to file a motion for reconsideration. Plaintiff argues that under 9 U.S.C. 4, a jury right exists when there is a question of fact as to whether an arbitration agreement existed between plaintiff and defendant, and that in this case there is such a question. Plaintiff argues that "the specific right to a trial by jury was not properly considered by the Court when rendering the decision" (Br. 3). Plaintiff finally responded to the order to show cause, which was due on August 30, on September 4, 2007.

1  Defendant's opposition to plaintiff's motion for leave to file a motion for reconsideration was
2  received on September 7, 2007.
3      After considering both sides' arguments, plaintiff's motion is **DENIED** and the prior
4  judgment **REMAINS IN EFFECT**.
5      Motions for reconsideration are decided within the discretion of the district court.
6  Civil Local Rule 7-9(b) governs the standard applied here. Rule 7-9(b) states that a motion for
7  reconsideration can be filed if the Court manifestly failed to consider material facts or dispositive
8  legal arguments, or if the moving party can show a material difference in fact or law from the
9  time the original order was entered.
10      As she urged in the first round of briefing, plaintiff states that the "[a]greement [related to
11  the credit card account with defendant] contained no provision to resolve disputes using
12  arbitration" (Carmack Decl. at 2). As stated before, however, even if plaintiff did not receive any
13  amendment to the arbitration clause, plaintiff must have received the original cardmember
14  agreement since she used the credit card enclosed with it. There is no other way she could have
15  obtained the card. It is undisputed that the original agreement contained an arbitration clause,
16  which stated in part that "any use of your card or account confirms your acceptance of the terms
17  and conditions of this agreement" (Rutledge Decl. Exh. A). Plaintiff did use the card, and this
18  Court has already found the clause valid and that plaintiff agreed to binding arbitration
19  (Order at 10).
20      Plaintiff's argument that the Court manifestly failed to consider a dispositive legal
21  argument is based on 9 U.S.C. 4, which allows a party to seek to compel arbitration when the
22  other party is alleged to have failed to comply with an arbitration agreement between the parties.
23  Plaintiff contends that her "right to a jury trial pursuant to 9 U.S.C. 4 was unknown to plaintiff
24  and therefore not presented to this Court as an argument" (Br. 3). Section 4 also allows for the
25  party alleged to have failed to comply with the arbitration agreement to request a jury to
26  determine if there was an agreement and whether there was compliance. While it is true that the
27  Court did not consider Section 4 in granting defendant's motion to confirm the arbitration award,
28  this fact is unhelpful to plaintiff because Section 4 is inapplicable to the facts of this case.

This case did not involve an attempt to compel arbitration but, rather, the defendant's motion to confirm an arbitration award.

Defendant correctly states that a motion to confirm an arbitration award is governed by 9 U.S.C. 9, which states that "any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." Section 9 does not grant the right to a jury, nor do Sections 10 and 11. This case did not involve an attempt to compel arbitration under 9 U.S.C. 4. Thus, plaintiff's request to file a motion for reconsideration must be **DENIED**.

Accordingly, plaintiff's motion for reconsideration is **DENIED** and the judgment in favor of defendant **REMAINS IN EFFECT**.

**IT IS SO ORDERED.**

Dated: September 18, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3