United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTHA CARMACK,

    Plaintiff,

  v.

THE CHASE MANHATTAN BANK,

    Defendant.

No. C 07-02124 WHA

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

### INTRODUCTION

Defendant Chase Manhattan Bank moves for an award of attorney's fees and costs against pro se plaintiff Martha Carmack. For the reasons stated below, defendant's motion for attorney's fees is **GRANTED**.

### STATEMENT

On November 1, 2006, an arbitration award was entered in the National Arbitration Forum in favor of defendant Chase and against plaintiff in the amount of $15,656.25 for the unpaid balance on a credit card account (Weickhardt Decl. at ¶ 3). On February 1, 2007, plaintiff commenced suit against defendant, alleging that she had entered into a contract with defendant that was governed by the Truth in Lending Act. She claimed that Chase had violated 15 U.S.C. 1666(a) by not responding to her notice of billing error, that Chase had breached the contract, and that the arbitration provision constituted a violation of due process (*id*. at ¶ 4). Defendant filed an answer and counterclaim to confirm the arbitration award. It also moved to

dismiss the complaint. On August 3, 2007, the Court granted defendant's motion to dismiss and motion to confirm arbitration. The Court entered judgment in favor of defendant on August 31, 2007 (*id.* at ¶ 3–10). Plaintiff then moved for leave to file a motion for reconsideration, which the Court denied.

On September 18, 2007, defendant Chase moved for attorney's fees and costs. Defendant sought a total of $22,495.95, which Chase claims represented the amount devoted to defending plaintiff's complaint and prosecuting its counterclaim through August 31, 2007. "These fees represented 38.5 hours of time by George G. Weickhardt billed at the rate of $245.00 per hour and 68.5 hours of time by Pamela J. Zanger billed at the rate of $215.00 per hour" (Weickhardt Dec. at ¶ 12, Weickhardt Decl. Exh. B). After plaintiff pointed out that some of these hours represented time devoted to a second lawsuit with plaintiff Carmack, defendant reduced the amount of its claim. Defendant Chase seeks an adjusted total of $21,971.08 in attorney's fees and costs (Krog Decl. at 2–4).

**ANALYSIS**

The Court has already found the credit card agreement to be a valid and enforceable contract (Aug. 3 Order). It provided that:

> If permitted by applicable law, you agree to pay all collection expenses actually incurred by us in the collection of amounts you owe under this Agreement (including court costs and the fees of any collection agency to which we refer your Account) and, in the event we refer your Account after some default to an attorney who is not our regularly salaried employee, you agree to pay the reasonable fees of such attorney.

(Rutledge Decl. Exh. A). According to its declarations and exhibits, defendant incurred $22,495.95 in attorney's fees and costs.

California Civil Code 1717(a) states, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

**United States District Court**
For the Northern District of California

1  Here, defendant Chase was the party prevailing on the contract because it obtained judgment in
2  its favor and confirmation of the arbitration award. It was therefore entitled to "reasonable
3  attorney's fees in addition to other costs." The trial court has broad authority to determine the
4  amount of a reasonable fee. *PLCM Group v. Drexler*, 22 Cal. 4th 1085, 1095 (2000).

5  Pro se plaintiff Carmack challenges the motion on the grounds that the fees were
6  excessive. *First*, she claims that the amount of hours billed was excessive. Attorney George G.
7  Weickhardt "has specialized in consumer finance litigation for most of his legal career and has
8  handled hundreds of cases involving credit cards." The other attorney working on this case was
9  Pamela Zanger, who "has practiced in the consumer financial services area for approximately ten
10 years" (Weickhardt Decl. at ¶ 13). Plaintiff Carmack argues that the amount of time devoted to
11 the motion was "excessive for someone who has this much experience" (Opp. at 1). According
12 to Attorney Weickhardt, however, "[b]ased on [his] experience in observing fee applications
13 filed by other law firms in San Francisco, the hourly rates charged by [Attorney Weickhardt] and
14 Ms. Zanger are approximately half of the average hourly rates charged by attorneys with
15 equivalent credentials and experience employed by the largest law firms in San Francisco. The
16 total amount of time devoted to this matter (approximately 100 hours) is reasonable in terms of
17 the task involved, which included removing the action, drafting an Answer and Counterclaim,
18 drafting the Motion to Compel Arbitration, plus a Reply Brief, opposing Plaintiff's Motion for
19 Reconsideration, and drafting and filing the present Motion for Fees" (Weickhardt Decl. at
20 ¶¶ 14–15). This order reduces the compensable time. Approximately one hundred hours is
21 somewhat more than the Court would expect to have been incurred by attorneys with the
22 experience involved.

23  *Second*, plaintiff claims that all hours were billed by partners without the use of a more
24 junior attorney. Consequently, the costs were excessive. This order finds plaintiff's argument to
25 be of little merit. Defendant and defense counsel were under no obligation to employ a more
26 junior attorney to handle a portion or all of the case. It was entirely reasonable for two senior

3

attorneys who had ample experience in consumer finance litigation to work on the matter. Injecting a less experienced junior staffer could have multiplied the hours.

*Third*, plaintiff notes that there were hours billed involving a different case, *Martha Carmack v. Chase Manhattan Bank*, Case No. C 07-03464.  These amounts should therefore not be applied to the attorney's fees and costs in the present matter.  In its reply brief, defendant Chase admitted its mistake in including these hours, which were "inadvertently included in the timesheets attached to the motion" (Reply at 2).  After subtracting the extra entries, defendant Chase reduced the claim by $2,005.50, leaving a total of $21,971.08.

The trial court has the discretion to determine the amount of a reasonable fee.  Taking into account the pro se nature of the representation, because this order finds that defendant Chase is entitled to reasonable attorney's fees and costs under the valid credit card agreement, plaintiff Carmack is required to pay $ 9,000.

**CONCLUSION**

For the foregoing reasons, defendant's motion for attorney's fees is **GRANTED**.  Plaintiff Carmack is ordered to pay $ 9,000 in attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: November 1, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4